## West Chicago Street Railroad Company
### v.
## Charles Camp, by Next Friend, etc.

*Master and Servant—Negligence of Servant—Gripman—Responsibility of Employer—Street Railways.*

In an action brought to recover for personal injuries to a child, sustained through the alleged negligence of a gripman upon a street car, this court holds, in view of the fact that a proper instruction offered by the defendant touching the care required to be exercised by such servants under such circumstances, was refused, that the judgment against it should not stand.

[Opinion filed December 14, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Keep & Lowden, for appellant.

Messrs. CASE, HOGAN & CASE, F. A. MITCHELL and B. J. FRANK, for appellee.

MR. JUSTICE SHEPARD. This action was to recover for injuries of a most afflicting nature, received by appellee when a child six years of age, by being run down by one of appellant's trains moving along Milwaukee avenue. The accident occurred at a point in Milwaukee avenue not far from midway between North Peoria and West Erie streets, and not at a street crossing or intersection.

Under the evidence, a recovery, if one can be had, must be under the second count of the declaration, wherein it is alleged that the accident was because of the negligent operation of the appellant's train.

Evidence was given tending to establish that the gripman's attention was carelessly directed to other things than his duty in managing the train, at the time the child first appeared to be in danger; and there was other evidence that tended to show the plaintiff came so suddenly upon the track, from behind other passing vehicles, that the car could not have been stopped by ordinary care in time to have avoided the accident.

An instruction, therefore, which should tell the jury its duty in case the appellant's servants did all that could have been done after they saw, or could have seen, the danger the plaintiff was in, was rightfully asked by appellant, and the court in refusing the fifteenth instruction of appellant, which was directed to the question just mentioned, committed such error as demands a reversal of the judgment. The refused instruction was as follows :

15. "The court instructs the jury, as a matter of law, that if they believe from the evidence that everything was done that could be done by the defendant's servants to stop the car as soon as they saw, or by the exercise of ordinary care could have seen, the danger of the plaintiff, then the jury should find the defendant not guilty."

The judgment of the Superior Court will therefore be reversed and the cause remanded.

*Reversed and remanded.*